IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAIME ALEJANDRO RAMIREZ (BOP Registration No. 47007-177), | ) ) ) | |
| Movant, | ) ) | |
| v. | ) ) | No. 3:16-CV-2276-K (3:13-CR-324-K-(1)) |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Movant Jaime Alejandro Ramirez, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. *See* Dkt. No. 2. Because his Section 2255 motion is barred by the statute of limitations, for the reasons set forth below, the Court **DISMISSES** the motion with prejudice.

## Background

Ramirez pleaded guilty to unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). *See United States v. Ramirez*, 3:13-CR-0324-K-(01) (N.D. Tex.), Dkt. No. 26. The Court sentenced him to 70 months in prison. *See United States v. Ramirez*, 3:13-CR-0324-K-(01) (N.D. Tex.), Dkt. No. 32. That judgment was entered on April 16, 2014. *See id.* Ramirez did not appeal.

In June 2016, Ramirez sought permission from the United States Court of Appeals for the Fifth Circuit to file a second or successive 28 U.S.C. § 2255 motion.

1

*See In re Ramirez*, No. 16-10931 (5th Cir. 2016). The Fifth Circuit transferred his Section 2255 motion to this Court because, as it was his first, he did not need authorization before filing it. The Fifth Circuit noted that Ramirez's Section 2255 motion would deemed filed on June 27, 2016—"the date the motion for authorization was received in this court." *See In re Ramirez*, No. 16-10931 (5th Cir. Aug. 5, 2016). The government responds that his Section 2255 motion is untimely, *see* Dkt. No. 8 at 3-5, and Ramirez has not filed a reply.

**Statute of Limitations**

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, under Section 2255(f)(1), Ramirez's limitations period began to run when his judgment of conviction became final. His conviction became final on April 30, 2014, when his time to file a direct appeal expired. *See* FED. R. APP. P. 4(b)(1)(A)(i) (stating that an appeal in a criminal case must be filed within fourteen days of the entry of judgment); *see also United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that, where a federal prisoner does not file a direct appeal, his conviction becomes final when his time to do so expires). His limitations period expired one year later, on April 30, 2015.

To the extent that Ramirez attempts to rely on *Johnson v. United States*, 135 S. Ct. 2551 (2015) to reset the statute of limitations under Section 2255(f)(3), his reliance is misplaced. In his initial application for authorization, Ramirez indicated—by checking two boxes on a form pleading—that he was challenging a conviction for violating the Armed Career Criminal Act, and a sentencing enhancement under U.S.S.G. § 4B1.2, as unconstitutional after *Johnson*. *Johnson* held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii)—which clause defines a "violent felony" as one "involv[ing] conduct that presents a serious potential risk of physical injury to another"—"violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.

3

But *Johnson* has no application here because Ramirez was not convicted of violating the Armed Career Criminal Act or sentenced as a career offender under Section 4B1.2. Moreover, to the extent that Ramirez is attempting to extend the rule of *Johnson* to challenge any other provision in the United States Sentencing Guidelines, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 889, 892 (2017). Because *Johnson* has no impact on Ramirez's convictions or sentence, his statute of limitations began to run on the date that his conviction became final. *See, e.g.*, *Johnson v. United States*, No. 3:16-CV-1603-D, 2017 WL 2348806, at *1 (N.D. Tex. Apr. 13, 2017), *rec. adopted* 2017 WL 2335617 (N.D. Tex. May 30, 2017) (holding that Section 2255(f)(3) does not apply to a claim that a definition in the United States Sentencing Guidelines was void for vagueness in light of *Johnson*). Ramirez's one-year statute of limitations expired in April 2015, and his first Section 2255 motion—filed in June 2016—is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016)

(quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

Here, Ramirez presents no argument or evidence that extraordinary circumstances prevented him from filing his motion to vacate earlier, and no grounds for equitable tolling are apparent to the Court. Because he has not met his burden to establish circumstances warranting equitable tolling, his Section 2255 motion is time-barred.

**Conclusion**

For the foregoing reasons, the motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE** as time-barred.

**SO ORDERED.**

Signed November 16th, 2017.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE